```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MRS. SHIRLEY BANKS-BENNETT,      :

        Plaintiff                :

        vs.                      :   CIVIL NO. 1:CV-07-1875

MR. JOHNNY O'BRIEN,              :
Office of the President,
        Defendant                :
```

*M E M O R A N D U M*

*I.   Introduction*

We are considering Defendant Johnny O'Brien's motion to dismiss the complaint filed by pro se Plaintiff, Shirley A. Banks-Bennett. (doc. 7). O'Brien is the President of the Milton Hershey School. Plaintiff's son, George Banks-Bennett, is a student at the school. In addition to the motion to dismiss, Plaintiff has filed a motion to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (docs. 2, 3). We will dismiss the complaint without prejudice, deny Plaintiff's motion for appointment of counsel, and grant the motion to proceed IFP.

*II.  Background*

Plaintiff's complaint presents three claims on behalf of her fourteen-year-old son, George. We will construe the three items listed as "Issues" on Plaintiff's "Pleading" as the claims in her complaint. According to Plaintiff, they are:

"Child abuse/verbal abuse," "Contact parents/sponsor," and "Retaliation." (doc. 1, p. 1).

Plaintiff claims that George was subjected to "child abuse and verbal abuse" on a daily basis between August 20, 2007, and September 13, 2007. (doc. 1, p. 2). Plaintiff appears to allege that the abuse came from "the house parent of Edgewood," and included "profanity toward George in front of the boys in Edgewood." *Id*. Additionally, Plaintiff claims that the house parent stated: "You are not King Sh-t [sic]" and "I will put my foot up your as- [sic]." *Id*.

Under the "Contact Parent/Sponsor" heading, Plaintiff describes events occurring between September 18, 2007, and September 22, 2007. Apparently, George was disrespectful and received detention. *Id*. When Plaintiff was informed of George's detention, she spoke with a "Mr. Randolph" who informed her that George had been moved to the school's health center because the "House Mother found a bullet in George's drawer." *Id*. at 2-3. George claimed that the bullet was not his and had been there when he moved to the room. *Id*. at 3. Plaintiff contends that school rules require officials to contact a parent if the student is admitted to the health center. *Id*.

Plaintiff's third claim concerns George's purported "disrespectful" "dissent." *Id*. at 3. According to Plaintiff, school officials retaliated against George in response to the dissent. The retaliatory conduct included a search of George's

room and backpack on October 2, 2007, revealing "over the counter Excedrin," and requiring George to perform two hours of work due to his detention instead of one hour of work.  *Id*.

*III. Discussion*

   *A. Plaintiff's Claims on Behalf of Her Son*

   Prior to considering Plaintiff's motions for appointment of counsel and to proceed IFP, we must address Plaintiff's attempt to represent her son George, a minor.  A litigant in federal court has a statutory right to proceed pro se.  28 U.S.C. § 1654 (1994).  Additionally, pursuant to Federal Rule of Civil Procedure 17(c), a representative or guardian "may sue or defend on behalf of a minor . . . ."  However, in the Third Circuit it is "well-established" that a non-attorney parent is not entitled to represent her child in place of an attorney.  *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991).  *See also Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998) (collecting cases and discussing policy considerations).[1]

---

[1] We note that in *Winkelman ex rel. Winkelman v. Parma City School Dist.*, __ U.S. __, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007), the Supreme Court decided that parents may prosecute a claim under the Individuals with Disabilities Education Act on their own behalf.  The Court, however, did not consider whether parents could litigate their child's claims pro se.  *Id*. at 2007.  *Winkelman* does not impact Banks-Bennett's claim as she is bringing these claims pro se on behalf of her son and they are not IDEA claims.

3

Here, Shirley Banks-Bennett asserts claims on behalf of "George A. Bennett-Banks [sic]", her fourteen-year-old son. (doc. 1, p. 1). As a minor, George does not have capacity to sue in Pennsylvania. *See* Fed. R. Civ. P. 17(b)(1) (capacity to sue determined by "law of the individual's domicile"); 42 Pa. Cons. Stat. Ann. § 5533(b) (defining "minor" as "any individual who has not yet attained 18 years of age"). Therefore, Shirley Banks-Bennett may not pursue George's claims in place of an attorney.

*B.   Motion for Appointment of Counsel*

In light of our conclusion that Plaintiff may not pursue her son's claims pro se, we next consider Plaintiff's motion for appointment of counsel. We will deny the motion because, as discussed below, the claims have no arguable basis in fact and law. While a plaintiff in a civil action has no constitutional or statutory right to appointed counsel, 28 U.S.C. § 1915(e) allows a court to request an attorney to represent an individual who is unable to afford counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). A district court has broad discretion in deciding whether to seek counsel. *Id*.

As a threshold matter, a court must determine whether the plaintiff's case "has some arguable merit in fact and law." *Id*. at 499. A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id*. at

4

500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted).  If the plaintiff's case satisfies this initial test, the district court must consider the six "*Tabron* factors," *Montgomery*, 294 F.3d at 499, although these factors are not meant to be exhaustive. *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

        1.   Child Abuse/Verbal Abuse Claim

        We will construe the first claim as seeking relief for violating Plaintiff's Fourteenth Amendment due process right to personal security and well-being.  *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982).  42 U.S.C. § 1983 "subjects to liability those who deprive persons of federal constitutional or statutory rights 'under color of any statute, ordinance, regulation, custom, or usage' of a state." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (quoting 42 U.S.C. § 1983).  To state a claim, Plaintiff "must allege that she was deprived of a federal constitutional or statutory right by a state actor."  *Id*.

        Defendant argues that Plaintiff has not alleged that he acted under color of state law when he purportedly engaged in the misconduct.  (doc. 10, pp. 9-11).  Actions "under color of law" are equivalent to "state action" under the Fourteenth Amendment.  *Leshko*, 423 F.3d at 339.  State action cases fall within two categories.  *Id*. at 340.  The first includes "an *activity* that is significantly encouraged by the state or in

which the state acts as a joint participant." *Id*. The second "involves an *actor* that is controlled by the state, performs a function delegated by the state, or is entwined with government policies or management." *Id*. In this second category, courts must determine "whether the actor is so integrally related to the state that it is fair to impute to the state responsibility for the action." *Id*. Put another way, "The question . . . is whether the state so identifies with the individual (or entity) who took the challenged action that we deem the state's fingerprints to have been on the action." *Id*.

  Plaintiff has not alleged that Defendant engaged in any of the purported misconduct, much less that the misconduct occurred under color of state law. The complaint makes no mention of O'Brien aside from including him in the caption, and it does not allege any personal involvement on his part. *See Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs' to be held liable."). Plaintiff also fails to allege that the Commonwealth of Pennsylvania identified in any way with O'Brien or other Milton Hershey School officials pursuant to § 1983's color of state law requirement.

  Plaintiff makes passing reference in her opposition brief to "§ 2258 Failure to report child abuse" and "§ 2255

Civil remedy for personal injuries." (doc. 9). Presumably, Plaintiff is referring to 18 U.S.C. §§ 2255 and 2258. Section 2255 provides:

> Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

Section 2258 provides:

> A person who, while engaged in a professional capacity or activity described in subsection (b) of section 226 of the Victims of Child Abuse Act of 1990 on Federal land or in a federally operated (or contracted) facility, learns of facts that give reason to suspect that a child has suffered an incident of child abuse, as defined in subsection (c) of that section, and fails to make a timely report as required by subsection (a) of that section, shall be fined under this title or imprisoned not more than 1 year or both.

If Plaintiff is attempting to proceed under § 2255 for a school official's failure to report child abuse as detailed in § 2258, she cannot do so as § 2255 does not authorize a civil suit for a violation of § 2258.

7

### 2. Contact Parents/Sponsor Claim

Plaintiff's second claim concerns George's placement in "the Health Center" after school officials found a bullet in his drawer. (doc. 1, pp. 2-3). Plaintiff also refers to school rules which purportedly require officials to contact a parent when the student is admitted to the Health Center. *Id*.

We conclude that this claim also has no merit in fact and law. As with the abuse claim, Plaintiff does not claim that George's placement in the health center or the school's failure to notify her violated any federal constitutional rights nor does she claim that O'Brien was personally involved and acting under color of state law.

### 3. Retaliation Claim

Plaintiff's third claim concerns school officials' retaliation for George's "dissent." Plaintiff claims that a "Mr. Readinger" searched George's room and found drugs in retaliation for his dissent, and that George was required to work an extra hour for his detention. (doc. 1, p. 3).

The First Amendment, applicable to the states through the Fourteenth Amendment, "prohibits governmental infringement on the right of free speech." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). An individual may bring a claim pursuant to 42 U.S.C. § 1983 for conduct in retaliation for the exercise of First Amendment rights. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d

8

Cir. 2007). However, both the Fourteenth Amendment and § 1983, which Congress enacted to enforce the Fourteenth Amendment, "appl[y] to acts of the states, not to acts of private persons or entities." *Rendell-Baker*, 457 U.S. at 837-38. Therefore, "individuals bringing actions against private parties for infringement of their constitution rights . . . must show that the private parties' infringement somehow constitutes state action." *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996). Accordingly, if Plaintiff's allegations of retaliatory conduct by O'Brien do not constitute state action, our inquiry ends. *Rendell-Baker*, 457 U.S. at 838.

As discussed, Plaintiff has not alleged that O'Brien was personally involved in the retaliatory conduct nor has she claimed that such conduct occurred under color of state law. Therefore, a First Amendment retaliation claim against O'Brien has no basis in fact and law. Additionally, we need not address the *Tabron* factors because Plaintiff has not met the initial threshold for appointment of counsel.

*IV.  Conclusion*

Having denied Plaintiff's motion for appointment of counsel and concluded that Plaintiff may not pursue her minor son's claims without an attorney, we will dismiss the complaint without prejudice. Additionally, we need not consider Defendant's motion to dismiss for failure to state a claim upon

which relief may be granted.  We will, however, grant Plaintiff's motion to proceed in forma pauperis.

     We will enter an appropriate Order.

                          /s/William W. Caldwell
                          William W. Caldwell
                          United States District Judge

Date: December 20, 2007

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MRS. SHIRLEY BANKS-BENNETT,    :
          Plaintiff
                               :

          vs.                  :   CIVIL NO. 1:CV-07-1875

MR. JOHNNY O'BRIEN,            :
Office of the President,
          Defendant            :
```

*O R D E R*

AND NOW, this 20th day of December, 2007, upon consideration of Defendant Johnny O'Brien's Motion to Dismiss for Failure to State a Claim (doc. 7), filed October 29, 2007, Plaintiff Shirley Banks-Bennett's Motion to Appoint Counsel (doc. 3), filed October 16, 2007, and Plaintiff's Motion for Leave to Proceed In Forma Pauperis (doc. 2), filed October 16, 2007, and pursuant to the accompanying Memorandum, it is ordered that:

1. Plaintiff's Complaint is dismissed without prejudice;

2. Defendant's Motion to Dismiss is dismissed as moot;

3. Plaintiff's Motion to Appoint Counsel is denied;

4. Plaintiff's Motion to Proceed In Forma Pauperis is granted;

5. The Clerk of Court shall close this file.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge